UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELE BACUS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                     Plaintiff,<br><br>    v.<br><br>**23ANDME, INC.**<br><br>                     Defendant. | Case No.<br>Assigned to Hon. |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant 23andMe, Inc., a Delaware corporation with its principal place of business in California ("Defendant"), by and through its undersigned counsel, respectfully notifies the Court pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, 1446, and 1453 that it hereby removes this action from the Circuit Court of Cook County, Illinois, Case No. 2023L011549 (the "State Action"), where it currently is pending, to the United States District Court for the Northern District of Illinois. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2)(A) and 1332(d)(6), because diversity of citizenship exists between Plaintiff Michelle Bacus ("Bacus") and Defendant, the putative class exceeds 100 class members, and Bacus alleges damages above $5,000,000, the statutory minimum pursuant to CAFA.

Defendant provides this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). In the event the Court requires that Defendant prove the facts alleged in this pleading, or to otherwise establish jurisdiction, Defendant is prepared to do so. In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal as set forth below.

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d). CAFA grants District Courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. This case meets all of CAFA's jurisdictional requirements and, therefore, the action could have been commenced in this Court. Accordingly, removal is timely and the case is properly removed by the filing of this Notice. The sole defendant, 23andMe, Inc., a Delaware corporation with its principal place of business in California, initiates, and thereby consents to, removal.

## VENUE

2. The State Action was filed in the Circuit Court of Cook County, Illinois. Therefore, venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 93(a), 1391(a) and 1441(a). The United States District Court for the Northern District of Illinois is the federal district embracing the State Action; the Northern District encompasses the County of Cook, where Bacus originally filed the State Action.

## BACKGROUND

3. On or about November 13, 2023, Bacus initiated the State Action, a putative class action in the Circuit Court of Cook County, Illinois, Case No. 2023 L 011549. Bacus also caused a summons to be issued in the State Action on November 13, 2023. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint (together with all other process, pleadings and orders served upon Defendant) is attached to the concurrently filed Declaration of Kevin J. Quilty ("Quilty Decl.") as Exhibit 1 and incorporated herein by this reference.

4. Bacus seeks damages for an unauthorized actor's alleged compromise of data pertaining to Bacus held by Defendant, which Bacus claims, among other grounds for relief, violates the Illinois Genetic Information Privacy Act, 410 ILCS 513, *et seq*. ("GIPA"). *See* Compl., ¶¶ 81-82. Bacus also alleges that Defendant is liable for common law claims of negligence, breach of contract, and unjust enrichment for Defendant's alleged failure to safeguard data submitted by Bacus and the putative class. *See* Compl., ¶¶ 85-113.

## TIMELINESS OF REMOVAL

5. On or about November 17, 2023, Defendant was served with a Civil Summons and Complaint in the State Action.

6. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty (30) days after service of the initial pleading in which the State Action is based. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 346 (1999).

## THE NORTHERN DISTRICT OF ILLINOIS HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

7. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B) ("CAFA"), a federal district court has jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a citizen of a State different from any defendant," so long as the class has more than 100 members. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).

8. Contrary to other grounds for removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

9. "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (quoting S. Rep. No. 109-14, at 43).

10. "The removing party, as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million . . . . This is a pleading requirement, not a demand for proof." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). In the response to such a challenge, the District Court may consider the contents of the removal petition as well as any supplemental evidence later proffered by the removing defendant. *See, e.g.*, *Meridian Security Ins. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (providing a non-exhaustive list of ways a proponent of federal jurisdiction can estimate the potential amount in controversy).

11. This requires only a "short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a); *Dart*, 135 S. Ct. at 553-54.

**A. *The Diversity Requirement is Met in this Case.***

12. As noted above, in cases invoking CAFA, minimum diversity exists when at least one prospective class member is diverse from at least one defendant. 28 U.S.C.§ 1332(d)(2)(A). For CAFA removal, "[c]itizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction." 28 U.S.C. § 1332(d)(7).

13. The jurisdictional requirement of minimal diversity pursuant to CAFA, 28 U.S.C. § 1332(d)(2)(A), is satisfied as Bacus and Defendant are citizens of different states. Bacus is a citizen of the State of Illinois. Compl., ¶ 9. Defendant is a Delaware corporation with its principal

place of business in California. Compl., ¶ 10. Defendant 23andMe, Inc. is not now, and was not at the time of the original Complaint was filed, a citizen of Illinois.[1]

14. Minimum diversity therefore exists.

### B. *The Alleged Class in This Case Has More Than 100 Members.*

15. CAFA applies to cases in which the number of members of a proposed class is more than 100. 28 U.S.C. § 1332(d)(5)(B).

16. Bacus alleges that "[t]he Class numbers over one hundred (100) persons," satisfying 28 U.S.C. § 1332(d)(5)(B). Compl., ¶ 70.

17. Therefore, Plaintiff's proposed class contains at least 100 members.

### C. *The Amount in Controversy Exceeds the Sum or Value of $5,000,000 Exclusive of Interest and Costs.*

18. Bacus plausibly demands in excess of $5,000,000. *See ABM Sec. Services, Inc. v. Davis*, 646 F.3d 475, 478 (7th Cir. 2011) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir.2011)). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

19. Bacus contends that she and each member of the putative class are entitled to, and seek, damages of $2,500 or actual damages, whichever is greater, for each negligent violation of GIPA and $15,000 or actual damages, whichever is greater, for each intentional or reckless violation of GIPA, as well as reasonable attorneys' fees and costs. Compl., ¶ 83.

---

[1] Under § 1332, corporations are considered citizens of their state of incorporation and their principal place of business. 28 U.S.C. § 1332(c)(1).

20. Bacus also seeks, on behalf of the putative class, "compensation for, *inter alia*, the loss of the value of their PII, the costs of remediating the impacts of the breach, [and] the resulting emotional distress," Compl., ¶¶ 96, 105, as well as an order seeking "restitution and/or disgorgement of all profits, benefits, and other compensation [allegedly] obtained and retained by 23andMe by its [alleged] failed promise to safeguard their data." Compl., ¶ 113.

21. Even reading the State Action to allege (i) just one statutory violation per class member and (ii) statutory damages of damages of $2,500 (the lowest threshold for statutory damages that Bacus alleges), the amount in controversy exceeds $5,000,000 as long as there are more than 2,000 class members, which is reasonably probable given that Bacus has alleged that the Class numbers over one hundred persons and "Plaintiff is one of millions of consumers whose DNA Relatives profile and other confidential information was exposed in the breach." Compl. ¶¶ 9, 70. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (Defendant need only show that there is a "reasonable probability that the stakes exceed" $5 million).

22. Though Defendant concedes no liability, assuming the allegations to be true for the purpose of this notice, Bacus' claims place in controversy a sum greater than $5,000,000.

## **CONCLUSION**

1. Accordingly, this Court has jurisdiction over the State Action because this case satisfies the requirements found in the provisions of CAFA, codified at 28 U.S. §§ 1332(d) and 1453. *See ABM Sec. Services, Inc.*, 646 F.3d at 478-79.

2. By removing this State Action, Defendant does not waive any rights or defenses available to it.

3. The allegations of this Notice are true and correct, and this case is removable to the United States District Court for the Northern District of Illinois. Pursuant to 28 U.S.C. § 1446(a),

a true and correct copy of all process, pleadings and orders served upon Plaintiff in the State Action are attached as Exhibit 1 to the Quilty Decl.

4.  If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

5.  A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois, Case No. 2023 L 011549, where it is currently pending, and written notice is being sent to Bacus' counsel.

6.  Defendant reserves the right to amend or supplement this Notice of Removal, as well as all rights and remedies in connection with the State Action.

WHEREFORE, Defendant, by and through its counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Bacus, and the filing of a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois, Case No. 2023 L 011549, request that the State Action be removed to this Court.

Dated: December 15, 2023                    Respectfully submitted,

By: /s/ *Francis A. Citera*
Francis A. Citera
Kevin J. Quilty
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (Main)
citeraf@gtlaw.com
quiltyk@gtlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2023, I caused a copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** to be served upon counsel in the manner described below:

VIA OVERNIGHT DELIVERY AND ELECTRONIC DELIVERY (EMAIL):

Andrea Gold  (agold@tzlegal.com)
Hassan A. Zavareei  (hzavareei@tzlegal.com)
Glenn E. Chappell  (gchappekk@tzlegal.com)
David W. Lawler  (dlawler@tzlegal.com)
Leora N. Friedman  (lfriedman@tzlegal.com)

Tycko & Zavareei LLP
2000 Pennsylvania Avenue NW
Suite 100
Washington, D.C.
(202) 973-0900
*Counsel for Plaintiff*

Service was made by electronic delivery (email) on December 15, 2023. The email address I used for delivery was the same as listed by counsel for Plaintiff in that case.

Service was also made by overnight delivery on December 15, 2023. The address used for Bacus' counsel is the same address set forth in the Complaint.

I declare under the penalty of perjury of the laws of the United States of America and the State of Illinois that this Certificate of Service is correct, and executed on December 15, 2023.

                            */s/ Kevin J. Quilty*
                            Kevin J. Quilty
                          Attorney for Defendant